**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

UNITED STATES OF AMERICA,

v.                                    Criminal Case No: 2:07cr18

MISTY DAWN WESTFALL,
         Defendant.

## OPINION/ REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Misty Dawn Westfall, appeared before me in person and by counsel, L. Richard Walker, on June 22, 2007. The Government appeared by Zelda E. Wesley, Assistant United States Attorney.

Thereupon, the Court proceeded with the Rule 11 proceeding by asking Defendant's counsel what Defendant's anticipated plea would be. Counsel responded that Defendant would enter a plea of "Guilty" to a one-count Information. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Counsel for Defendant stated that the Government's summary of the Plea Agreement was correct. The Court ORDERED the written Plea Agreement filed.

The Court continued with the proceeding by placing Defendant under oath, and thereafter inquiring of Defendant as to her understanding of her right to have an Article III Judge hear her plea and her willingness to waive that right, and instead have a Magistrate Judge hear her plea. Defendant stated in open court that she voluntarily waived her right to have an Article III Judge hear her plea and voluntarily consented to the undersigned Magistrate Judge hearing her plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before

the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Misty Dawn Westfall, only after having had her rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court. The Court ORDERED the written Waiver and Consent filed.

Defendant thereafter stated in open court she understood and agreed with the terms of the written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of her agreement with the Government and no promises or representations were made to her by the Government other than those terms contained in the written plea agreement.

Counsel for Defendant then advised the Court that Defendant was pregnant with a due date of August 5, 2007. She therefore requested an expedited presentence report and expedited sentencing so she might be have the opportunity to be sentenced to the MINT (Mothers and Infants Together) Program through the Federal Bureau of Prisons. None of these requests were objected to by the Government, and counsel represented that Defendant's Adult Pretrial Services Officer was aware of the request for an expedited pre-sentence report and did not object or foresee any problem expediting said report. The undersigned agreed to add counsel's requests to the Report and Recommendation, but advised, and Defendant and counsel understood, that the final decision

regarding sentencing matters would be the District Judge's to make.

The undersigned Magistrate Judge further examined Defendant relative to her knowledgeable and voluntary execution of the written plea bargain agreement dated May 9, 2007, and signed by her on May 23, 2007, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge inquired of Defendant and her counsel relative to Defendant's knowledge and understanding of her constitutional right to proceed by Indictment and the voluntariness of her Consent to Proceed by Information and of her Waiver of her right to proceed by Indictment, to which Defendant and her counsel verbally acknowledged their understanding and Defendant, under oath, acknowledged her voluntary waiver of her right to proceed by Indictment and her agreement to voluntarily proceed by Information. Defendant and her counsel executed a written Waiver of Indictment. Thereupon, the undersigned Magistrate Judge received and ORDERED the Waiver of Indictment and the Information filed and made a part of the record herein.

The undersigned Magistrate Judge further inquired of Defendant, her counsel and the Government as to the non-binding aspects of the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in the Information, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence

investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Judge rejected Defendant's plea of guilty, Defendant would be permitted to withdraw her plea and proceed to trial. However, Defendant was further advised if the District Court Judge accepted her plea of guilty to the felony charge contained in the one-count Information, Defendant would not be permitted to withdraw her guilty plea even if the Judge refused to follow the non-binding recommendations contained in the written plea agreement and/or sentenced her to a sentence which was different from that which she expected. Defendant and her counsel each acknowledged her understanding and Defendant maintained her desire to enter a plea of guilty.

The Court confirmed the Defendant had received and reviewed the one-count Information in this matter with her attorney. The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in the Information, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to her competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against her; understood that the maximum sentence which could be imposed upon her conviction or adjudication of guilty on that charge was imprisonment for a term of not more than four (4) years; understood that a fine of not more than $250,000.00 could be imposed; understood that both imprisonment and fine could be imposed; understood she would be subject to not more than one (1) year of supervised release;

4

understood the Court would impose a special assessment of $100.00 for the felony conviction payable at the time of sentencing; understood that the Court may require her to pay the costs of her incarceration, the costs of community confinement and the costs of supervised release; understood that her actual sentence would be determined after a pre-sentence report was prepared and a sentencing hearing conducted; and further determined that Defendant was competent to proceed with the Rule 11 plea hearing.

The undersigned Magistrate Judge further examined Defendant with regard to her understanding of the impact of her waiver of her direct and collateral appeal rights as contained in her written plea agreement and determined she understood those rights and voluntarily gave them up under the conditions as stated in the written plea agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11. The undersigned then reviewed with Defendant the one-count Information, including the elements the United States would have to prove at trial, charging her with the unlawful, knowing, and intentional use of a communication facility, that is the public telephone system, in committing, causing and facilitating the commission of felonies under Title 21 United States Code, Section 841(c)(1), that is, the possession of pseudoephedrine with intent to manufacture methamphetamine, in violation of Title 21, United States Code, Section 843(b).

The Court then heard the testimony of Government witness Sergeant Bonazzo, who testified he is the detachment commander of the Sutton WVSP detachment. Sgt. Bonazzo was involved in the investigation of Defendant and others. Through the investigation he learned that Defendant and others would drive to various stores, including WalMart, to purchase pseudoephedrine. In the

5

course of making the purchases, it was a routine practice of the individuals, including Defendant, to place a telephone call to a store to make sure that store had pseudoephedrine before driving there. It was Sgt. Bonazzo's understanding that Defendant had made such telephone calls, and had made such a telephone call to the WalMart in Buckhannon, West Virginia, before driving there to purchase pseudoephedrine on February 10, 2006. Upon questioning by the Court, Sgt. Bonazzo testified he learned that Defendant made such a telephone call through communications with the U.S. Attorney's Office, and that he believed it was Defendant herself who informed the U.S. Attorney's office that she had made the telephone call.

Defendant testified that she heard and understood Sgt. Bonazzo's testimony and did not disagree with any of that testimony. Thereupon, Defendant, Misty Dawn Westfall, with the consent of her counsel, L. Richard Walker, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in the one-count Information. Defendant then testified the she believed she was guilty of the offense charged in the Information because she lived way out in the country and it was more effective for her to call a store location first to make sure it had pseudoephedrine before driving to that store. She had therefore made it a habit to call a store before leaving. On February 10, 2006, she called the WalMart to ask if they had pseudoephedrine there before she drove there to purchase it. She was aware at the time she made the call that the pseudoephedrine was going to be used to manufacture methamphetamine.                              .

Based upon the testimony of Sgt. Bonazzo, as corroborated by Defendant's own testimony, the undersigned United States Magistrate Judge finds there is an independent basis in fact for Defendant's plea of Guilty to the one-count Information.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that

Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood her right to have an Article III Judge hear her plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing her plea; Defendant knowingly and voluntarily waived her right to proceed by Indictment and elected to proceed by Information; Defendant understood the charges against her; Defendant understood the consequences of her plea of guilty; Defendant made a knowing and voluntary plea; and Defendant's plea is supported by the testimony of Sgt. Bonazzo as well as Defendant's own allocution.

The undersigned United States Magistrate Judge therefore recommends Defendant's plea of guilty to the felony charge contained in the one-count Information herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report, and that the Defendant be adjudged guilty on said charge as contained in said one-count Information and have sentence imposed accordingly.

The undersigned further directs that an expedited pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

The undersigned United States Magistrate Judge further respectfully recommends that, due to Defendant's pregnancy and due date of August 5, 2007, sentencing in this matter be expedited and Defendant be considered for commitment to the MINT program.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above

will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

It appearing that this was Defendant's first appearance before the Court, it is hereby Ordered that Defendant is released pursuant to an Order Setting Conditions of Release to be entered in this matter.

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 25th day of June, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE